BLD-264                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1544
_____

BYRON WALKER,
                                                Appellant

v.

UNITED STATES OF AMERICA; WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-16-cv-09024)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

July 12, 2018

Before:  RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Opinion filed:  July 19, 2018)
_____

OPINION[*]
_____


PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Byron Walker, a federal prisoner proceeding in forma pauperis, appeals from the District Court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

In 1994, Walker was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Walker was also convicted of several firearm offenses. He was sentenced to 624 months' imprisonment, which was reduced to 572 months' imprisonment due to retroactive changes to the sentencing guidelines. On direct appeal, Walker's conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit. In 2001, Walker filed a motion to vacate sentence under 28 U.S.C. § 2255, which was denied. Walker subsequently filed several successive § 2255 motions, which were dismissed for lack of jurisdiction.

In 2016, Walker filed in the District Court a habeas petition under 28 U.S.C. § 2241. Walker claimed that his conviction for conspiracy to possess with intent to distribute cocaine is invalid in light of the Supreme Court's decision in McFadden v. United States, 135 S. Ct. 2298 (2015). Walker claims that relief is authorized under

2

§ 2241 because § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e).

The District Court determined that Walker could not present his claim via § 2241 because he failed to show that the "safety valve" provision of § 2255(e) applied. Accordingly, the District Court treated the petition as an unauthorized second or successive § 2255 motion, and dismissed the petition without prejudice for lack of jurisdiction. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

A prisoner's claims challenging the legality of his federal conviction and sentence must ordinarily be raised in a motion under § 2255 filed in the sentencing court. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Such claims may not be raised in a § 2241 petition, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); Dorsainvil, 119 F.3d at 251. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent

3

gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Rather, we have repeatedly emphasized that the safety valve provision of § 2255(e) is extremely narrow and applied only in rare circumstances. See, e.g., Dorsainvil, 119 F.3d at 251–52.

Here, the District Court correctly determined that the safety valve provision of § 2255(e) does not apply to Walker's claim. In McFadden, the Supreme Court addressed the mens rea requirement for possession of a controlled substance analogue (bath salts). The Supreme Court did not change the substantive law for an offense involving a non-analogue controlled substance, such as Walker's offense involving cocaine. See McFadden, 135 S. Ct. at 2304; cf. Dorsainvil, 119 F.3d at 251.

As this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.[1] See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[1] Walker may only pursue his claim through a § 2255 motion filed in the district where he was convicted. Because he has already filed one that was denied on the merits, he may not file another without authorization from the Court of Appeals for the Eleventh Circuit. The District Court properly declined to transfer his petition to that Court to be treated as an application for such authorization, as Walker's claim does not appear to meet the standard set forth in § 2255(h). Likewise, we decline to transfer Walker's appeal to that Court.